UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re  Susan Lynne Rohe,<br>Debtor | CASE NO: 19-12053-AJC |
| Susan Lynne Rohe,<br>Plaintiff | Chapter 13 |
| Wells Fargo Bank, N.A.,<br>Defendant | Adv. Proc. No. |

## DEBTOR'S NOTICE OF REMOVAL

Pursuant to 28. U.S.C. § 1452, Rule 9027 and Local Rule 9027-1, Debtor gives notice of removal of the following state court action:

<u>Wells Fargo Bank, N.A. v. Lee Rohe and Susan Rohe</u>, 16th Judicial Circuit Court, Case No. 2017-CA-195-K and <u>Lee Rohe and Susan Rohe v. Wells Fargo Bank, N.A.</u>, Third DCA Case No. 3D19-0087.

Debtor's grounds for removal are as follows:

1. This Notice of Removal is timely, in that it is being filed within thirty (30) days of an Order Lifting the Automatic Stay. **DE 73**.

2. Debtor filed an Appeal of a Final Judgment of Foreclosure in 16th Judicial Circuit Court Case No. 2017-CA-195-K to the Third District Court of Appeal on January 11, 2019. Case No. 2017-CA-195-K was the

1

EXHIBIT E

second foreclosure action filed by Wells Fargo Bank against the Debtor. The first foreclosure action (16th Judicial Circuit Court Case No. 2013-CA-1346-K) resulted in a Final Judgment in favor of the Debtor Susan Rohe and her husband Lee Rohe. The Debtor and her husband have been engaged in litigation with Wells Fargo Bank since December 2013.

3. Debtor/Appellant has not completed the briefing stage of the Third DCA appeal.

4. Debtor filed a voluntary Chapter 13 Petition on February 15, 2019.

5. On May 13, 2019, Wells Fargo Bank filed a Proof of Claim submitting itself to the jurisdiction of this Court and seeking monthly payments under the Chapter 13 Plan. (**Claim #4**). A Proof of Claim is considered a core proceeding.

6. Debtor filed an Objection to Proof of Claim (**DE 55**). Debtor also initiated an Adversary Proceeding (Case No. 19-01196) on June 25, 2019 (**DE 67**) disputing the validity of Wells Fargo's claim that it "loaned the Debtor money." Debtor's original lender was Union Federal Bank of Indianapolis, not Wells Fargo Bank. Wells Fargo's declaration in the Proof of Claim that it did not acquire the claim from another falsely conveys the impression that Wells Fargo was the original lender.

2

7. Contrary to what Wells Fargo's counsel has represented to this Court previously, Debtor has **not** agreed to surrender her homestead property to Wells Fargo Bank as the lawful lienholder. **DE 61**.

8. Upon filing the February 15th Petition, Debtor was lawfully entitled to an automatic stay of the State Court proceedings as provided by 11 U.S.C. §362 (a).

9. Since filing her appeal, Debtor learned that the Third DCA does not recognize Debtor's entitlement to an automatic stay.[1]

10. In fact, the Third DCA and the opposing counsel, Carlton Fields (for Wells Fargo Bank), have refused to recognize the automatic stay which was in effect from February 15, 2019 through July 8, 2019 under 11 U.S.C. §362 (a).

11. The Third DCA and opposing counsel's refusal to recognize the automatic stay, along with Wells Fargo's filing of a Proof of Claim in this Court, have forced the Debtor to unfairly litigate the validity of the lien Wells Fargo is asserting in **both** Courts. Further, the Third DCA's

---

[1] See *Shop In The Grove Ltd. v. Union Federal Savings and Loan Association of Miami*, 425 So. 2d 1138 (Fla. 3rd DCA 1982) and subsequent Third DCA decisions upholding *Shop In The Grove*. Notwithstanding the great weight of authority under every other Florida District Court of Appeal, the Eleventh U.S. Circuit Court of Appeal and other federal circuits, the Third DCA has not receded from *Shop In The Grove*. See Debtor's Motion for Enforcement of Automatic Stay Re State Court Appellate Proceedings dated July 2nd and review of caselaw therein. DE 70.

continuing practice of following *Shop In The Grove* and ignoring precedent in all other Florida intermediate appellate courts which have honored the stay provisions contained in the United States Code is evidence of per se bias in favor of the creditor. *Shop In The Grove* holds that if a debtor takes the appeal from a state court judgment, the automatic stay does not take effect.

12. This Court has clear jurisdiction under 28 U.S.C. §157 (2)(K) to determine the validity of Wells Fargo's claim of lien which the Debtor has challenged through both an Objection to Proof of Claim and a companion Adversary Proceeding (Case No. 19-01196).

13. This Court has jurisdiction under 11 U.S.C. § 362 (a) and 28 U.S.C. § 1441 to enforce an automatic stay upon the Third DCA by the removal of Third DCA Case No. 3D19-0087 to this Court.

14. This Court is in the best position to determine the validity of the lien since it involves interpretation of 11 U.S.C. §362 (a) and the Supremacy Clause of the U.S. Constitution. The case herein implicates a state court's interpretation of §362 (a) contrary to the great weight of federal decisions and all other Florida District Court of Appeal.

4

15. The facts and questions which are raised in this case are unusual and of first impression. The specific questions which must be adjudicated by this Court are: 1) whether the prior judicial finding of a forged endorsement on the Note which purported to be from the Debtor's original lender, Union Federal Bank of Indianapolis, (Monroe County Circuit Court Case No. 2013-CA-1346-K) permitted Wells Fargo Bank to subsequently file a fraudulent Proof of Claim in the Debtor's instant bankruptcy case. See also Debtor's Amended Complaint for Adversary Proceedings (DE 2) at pages 6-12 in Case No. 19-01196.

16. Throughout these proceedings, Wells Fargo has simultaneously pressed its foreclosure case in the Third DCA in violation of §362 (a) and the Debtor's right to a stay. Hence, Debtor has been compelled to file a Motion to Enforce. **DE 70.**

17. Finally, the removal of the appellate case is for the purpose of centralizing the litigation in one Court to reduce costs and to prevent the issuance of conflicting judicial opinions.

18. The Debtor has made full payment of the outstanding deficiency amount to James Poe, Esq. on July 9th. Mr. Poe has confirmed that a payment in the amount of $1330.70 was received by his office on the morning of

July 10th. Mr. Poe has advised the undersigned and the Debtor that he would be responsible for ensuring that the Court and the Trustee were immediately advised and the appropriate pleadings were filed with this Court.

19. The records of the Appellate Case are filed with this Notice.

20. The Debtor consents to the issuance of Orders and a Final Judgment by this Court on all matters pertaining to the alleged validity of Wells Fargo's claim of lien.

21. Debtor is concurrently filing a copy of this Notice of Removal with the Clerk of Court of the Third District Court of Appeals for Case No. 3D19-0087, pursuant to 28 U.S.C. §1446 (d).

Respectfully submitted,

/s/ Lee Robert Rohe, Esq.
LEE ROBERT ROHE, ESQ.
Co-Counsel for Debtor
P.O. Box 430678
Big Pine Key, Fl 33043
FBN: 271365
Email: lrrlaw@bellsouth.net

Case 19-01224-AJC Doc 1 Filed 07/14/19 Page 7 of 7

## CERTIFICATE OF SERVICE

I hereby certify that I am admitted to the Bar of the United States District Court of the Southern District of Florida and am in compliance with the additional qualifications to practice in the Court as set forth in Local Rule 2090-1. I further certify that a true and correct copy of the foregoing has been sent via CM/ECF transmission or via First Class United States mail to the following on this 14th day of July, 2019 to:

Elizabeth Eckhart, Shapiro Fishman & Gache, LLP,
4630 Woodland Corporate Blvd., Suite 100, Tampa, Fl 33614

James A. Poe, 9500 South Dadeland Boulevard, #510, Miami, Fl 33156

Nancy K. Neidich, Trustee, POB 279806, Miramar, FL 33027

United States Trustee, 51 SW First Avenue, Suite 1204, Miami, Fl 33130

/s/ Lee Robert Rohe

Case 4:19-cv-10140-JLK Document 8-5 Entered on FLSD Docket 09/12/2019 Page 7 of 7