Page 1

```
                UNITED STATES BANKRUPTCY COURT
                   SOUTHERN DISTRICT OF FLORIDA
                          MIAMI DIVISION

IN RE:                          CASE NO.:   19-12053-AJC

SUSAN LYNNE ROHE,

          Debtor.
_____/
SUSAN LYNNE ROHE,               ADV. NO.:   19-1224-AJC

          Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

          Defendant.
_____/


                         ECF# 11, 12


                       August 27, 2019


          The above-entitled cause came on for hearing
before the Honorable A. JAY CRISTOL, one of the Judges in
the UNITED STATES BANKRUPTCY COURT, in and for the
SOUTHERN DISTRICT OF FLORIDA, at 301 North Miami Avenue,
Miami, Miami-Dade County, Florida, on August 27, 2019,
commencing at or about 11:19 a.m., and the following
proceedings were had:


          Transcribed from a Digital Audio Recording by:
                Margaret Franzen, Court Reporter
```

APPEARANCES:

NANCY K. NEIDICH, Chapter 13 Trustee

OFFICE OF THE CHAPTER 13 TRUSTEE, by
JOSE MICELI, ESQUIRE
on behalf of the Chapter 13 Trustee

LEE R. ROHE, ESQUIRE
On behalf of the Debtor

CARLTON FIELDS, by
DAVID GAY, ESQUIRE
On behalf of Wells Fargo Bank, N.A.

ALSO PRESENT:

ECRO - Electronic Court Reporting Operator

- - - - - - -

1           MR. MICELI:  Page 60, Matter 176, this is
2  Rohe vs. Wells Fargo Bank, N.A., and Susan Lynne Rohe.
3           Hello.  You are, sir?
4           MR. GAY:  Good morning.  David Gay, G-a-y,
5  on behalf of Wells Fargo.
6           MR. MICELI:  All right.  Mr. Gay, I -- I
7  don't know if the Rohes ---
8           MR. GAY:  I received an e-mail at 9:13 that
9  Mr. Rohe was stuck in traffic in Kendall.
10          MR. MICELI:  Okay.  Well, that's not an
11 issue for now.  I -- I can't resolve this on consent.  So
12 what I'm going to do is, I'm just going to mark it for the
13 Judge.  Once I get through this entire calendar, which I
14 have about 20 pages left or so, the Judge will come out
15 and then the Court will hear the matter.
16          Thank you.
17          (Thereupon, the following proceedings were
18 heard before the Court:)
19          MS. NEIDICH:  The next one is on Page 60 at
20 the top, Matter Number 176, Rohe vs. Wells Fargo Bank and
21 Susan Lynne Rohe.
22          MR. ROHE:  Good morning, Your Honor.
23          Lee Rohe on behalf of Susan Rohe, the
24 debtor.  I think that because ---
25          THE COURT:  You need to spell your last name

Page 4

1  for the electronic recorder, Mr. Rohe.
2              MR. ROHE:  R-o-h-e.
3              THE COURT:  Thank you.
4              MR. ROHE:  I think that -- I'm hoping that
5  we can save the Court time this morning because the case
6  that Wells Fargo is here about, or the issue, has been
7  appealed to the District Court, and so we would say that
8  their motion is moot.  Their motion was dated August 8th,
9  I think it is, earlier this -- this month, and events have
10 transpired to render it moot.
11             So we would ask that the -- the case -- I be
12 able to proceed in the District Court, and that I think we
13 had a motion for transfer of venue before you on this
14 case, as well.  So ---
15             THE COURT:  Well, what was appealed?
16             MR. ROHE:  I beg your pardon?
17             THE COURT:  You said -- you say the matter
18 is on appeal.  What was appealed?
19             MR. ROHE:  Well, we -- we were appealing
20 the -- I would call it like a motion for sanctions against
21 Wells Fargo.  We were trying to bring that to the
22 attention of the District Court.  It -- it -- arising --
23             THE COURT:  Well, what's that got to do
24 with ---
25             MR. ROHE:  -- from the proof of claim.

1                    (Phone rings.)
2               THE COURT:  Pardon me just a moment.
3                    (Judge Cristol speaks on the phone.)
4               Okay.  Anything further, Mr. Rohe?
5               MR. ROHE:  No, Your Honor, unless you have
6     questions for us.
7               THE COURT:  Well, I'm a little bit -- this
8     matter that's on appeal, has a stay been entered?
9               MR. ROHE:  I haven't moved yet for a stay,
10    Your Honor.
11              THE COURT:  Well, then, in that case, the
12    matter goes forward on appeal without being stayed --
13              MR. ROHE:  We just filed --
14              THE COURT:  -- in this Court.
15              MR. ROHE:  -- the appeal.
16              THE COURT:  All right.  Mr. Gay, what say
17    you?
18              MR. GAY:  Good morning, Your Honor.
19    David Gay, G-a-y, for Wells Fargo.
20              The matter on which we're here this morning,
21    Your Honor, is a separate adversary, and it -- there is no
22    appeal with respect to this adversary.  There's nothing to
23    appeal with respect to this adversary because the Court
24    hasn't ruled with -- on anything with respect to this
25    adversary.

1         What -- what Mr. Rohe has done, Your Honor,
2    is another, at this point, truly remarkable attempt to
3    forum shop this case once again.  And just so the Court is
4    aware of what's transpired, because I do think it's
5    relevant to the request that we've made with respect to
6    this adversary -- this adversary, by the way, Your Honor,
7    this adversary is simply a removal, an attempt, anyway, at
8    a removal of the 3rd DCA appeal of the state court
9    foreclosure judgment, an appeal that since they filed this
10   adversary proceeding, the 3rd DCA affirmed in a PCA.  So
11   that appellate case is now over.
12         What they tried to do, because they didn't
13   like the ruling that they got from the trial court, so
14   they appealed it to the 3rd DCA.  They didn't like where
15   they thought the 3rd DCA appeal was going, so they filed a
16   bankruptcy case.
17         Then, Your Honor, they didn't like what
18   you've ruled so far, dismissing their adversary proceeding
19   last week ---
20         THE COURT:  But you were supposed to send in
21   an order on that and we haven't received it.
22         MR. GAY:  Yes, you have, Your Honor.  Yes,
23   you did, and -- and it was entered.  It was ---
24         THE COURT:  When was it entered?
25         MR. GAY:  It was entered yesterday,

1   Your Honor.
2           THE COURT:  Oh, okay.
3           MR. GAY:  Okay.  Yeah, it was -- it was ---
4           THE COURT:  As of yesterday when I ---
5           MR. GAY:  Correct.  Now, they filed an
6   appeal with respect to that order before it was entered.
7   So when he said they filed an appeal, they filed an appeal
8   on Friday.  The Court entered the order on Monday, so that
9   is currently pending an appeal in the District Court.
10          With respect to what we're here on again
11  today, Your Honor, is they sought to remove a pending
12  state court District Court of Appeals appeal to this
13  Court, and as of yesterday afternoon late, not having
14  liked the decisions that were emanating from this Court,
15  they filed something, Your Honor, I've never seen before,
16  which is a petition for all writs to the District Court
17  for the Southern District of Florida, and in relation to
18  that filed in this Court yesterday, in this adversary
19  proceeding, a motion to transfer venue to the
20  District Court and to cancel this hearing.  They filed
21  that late yesterday.
22          So what they're attempting to do -- and in
23  that all writs motion, Your Honor, again, I've never seen
24  that before, they have accused not only Wells Fargo and
25  its counsel, excuse me, of violating the automatic stay

1  that Your Honor has already ruled didn't apply to the
2  property to begin with because they're not treating it
3  under the plan, they actually allege in that all writs
4  motion that the 3rd DCA violated the automatic stay.
5          THE COURT:  Well, I guess we'll have to take
6  those 3rd District Court Judges and put them in detention.
7          MR. GAY:  I think that's apparently what
8  they have in mind, Your Honor.  We'll see where that goes,
9  but this, Your Honor, has gone from the bizarre to the
10 patently absurd.  And if I may, Your Honor, borrow from
11 something that you said at the last hearing, is that these
12 motions, this all writs motion, this motion to transfer
13 venue, is putting it kindly, inappropriate.
14         There is no grounds for a motion to transfer
15 venue.  They've cited Rule 7087.  I know this isn't what's
16 up for hearing today, but it is relevant because I think
17 what Mr. Rohe was attempting to say was that this Court
18 now doesn't have to worry about any of this because of
19 what he's filed since we filed our motion to dismiss this
20 adversary proceeding.  That's wrong.
21         I think what he really wanted to do was to
22 seek to withdraw the reference from this Court on their
23 attempt to remove the appeal, but they didn't file that,
24 and oh, by the way, in their complaint, they affirmatively
25 stated and, therefore, waived their ability to seek a

1  removal of or, excuse me, a withdrawal of the reference
2  because they consented to entry of an order by this Court.
3          So, Your Honor, to try to make this simple,
4  we're now going to have to go argue this in District Court
5  pursuant to this petition for all writs. We're going to
6  have to go argue apparently in District Court over a
7  baseless appeal, but with respect to this adversary
8  proceeding, they couldn't remove it in the first place.
9  What they sought to remove was not removable. There's no
10 authority for that whatsoever.
11         And we cited some authority in our motion to
12 dismiss this adversary that says as much jurisdiction as
13 this Court has, it does not have jurisdiction over a
14 pending state court appeal, it just doesn't have it, so
15 that attempt at removal was void ab initio. And since,
16 again, Your Honor, they filed this adversary proceeding,
17 the 3rd DCA entered a PCA opinion, so it's over.
18         All we need is an order dismissing this
19 adversary proceeding with prejudice, and we'd like it
20 nunc pro tunc to its filing date, so that there's no issue
21 that no one takes anything back before the 3rd DCA, or any
22 other court, and says that what the -- what the 3rd DCA
23 did was inappropriate based on what they allege was a
24 pending stay, which Your Honor has already ruled twice
25 wasn't in effect to begin with.

1    THE COURT: Thank you, Mr. Gay.
2         Anything further, Mr. Rohe?
3         MR. ROHE: Yes. It seems to me that Mr. Gay
4    hasn't read the Nicholson case, that is Nicholson v.
5    Shafe, 558 Federal -- 558 Federal 3d. 1266. That was a
6    case, 11th Circuit, where while a case was pending in the
7    Georgia appellate court, the appellant took the case and
8    removed over to the federal court for a declaratory
9    action. There is -- the Rooker Doctrine is addressed in
10   this case at length. It is not as it's been portrayed.
11   Mr. Gay's case law is out of date.
12        And as far as trying to disparage our case,
13   we have a proof of claim that is false on its face when
14   you compare it against the record of the case that they
15   made elsewhere in the 3rd DCA.
16        Now, the 3rd DCA did a very bizarre thing,
17   if we want to talk about bizarre behavior, and that was
18   that without any warning while the case was removed here,
19   they PCA'd the case on appeal. I had not even filed a
20   reply brief yet, they gave no warning, they gave us no
21   show cause order saying tell us why we shouldn't dismiss
22   this if you don't file your brief or you don't take
23   action, none of that. It was just strictly out of the
24   blue on August 21st.
25        I have never seen an appellate court do that

1  before in 40 years of practice, and I'm familiar with all
2  the DCAs around the state, and I didn't come across any
3  case law where that occurs. So that is what we're dealing
4  with.
5       If it had not been for this bizarre proof of
6  claim, and the bizarre conduct of a couple of judges on
7  the 3rd DCA, I wouldn't have to make these allegations,
8  but I'm sorry, Your Honor, I have to speak the truth and
9  I -- I do not do cases normally this way. This is not my
10 forte in terms of casting aspersions at anyone. I don't
11 have those kinds of cases normally.
12      So I feel more like a prosecutor, but I've
13 been thrust into that position, and I'm not going to --
14 to, you know, back away from good advocacy to bring this
15 matter to the attention of this Court, as well as the
16 District Court.
17      So there would be really no reason to issue
18 any order, Your Honor. As suggested by Mr. Gay, it's
19 already with Judge King under a writ. We've used the
20 extraordinary writ because we think this is an unusual
21 case and it will -- perhaps Judge King will throw it out,
22 I don't know, but that's where it is right now,
23 Your Honor. That's where the ball lies.
24      THE COURT: Thank you.
25      It would appear under the circumstances that

```
 1   this adversary is inappropriate, and it is to be dismissed
 2   with prejudice nunc pro tunc.  Mr. Gay will draw that
 3   order.
 4                As to the all writs motion, do you want to
 5   deal with that now or do you want to set it for hearing?
 6                MR. ROHE:  If we could -- if you're talking
 7   about our motion to transfer venue?
 8                THE COURT:  Yes.  Well, I understand there's
 9   an additional motion that you just filed.
10                MR. ROHE:  For transfer of venue as a -- as
11   a matter of bringing this to the Court's attention,
12   really.
13                THE COURT:  As I say, if you want to deal
14   with that now, we can do so; if not, you can set it for
15   hearing, whichever way you wish to go.
16                MR. ROHE:  I would ask that you grant the
17   motion to transfer the venue, Your Honor, to ---
18                THE COURT:  I'm not going to grant it, I'm
19   probably going to deny it, but nevertheless, if you want
20   to be heard on it, you have the right to either argue it
21   now or you have the right to make a motion -- I mean, you
22   have a right to request a hearing and give notice, and
23   then we'll hear the motion and rule on it.
24                Which way do you want to go?
25                MR. ROHE:  Well, I would rather have you
```

1  decide now because I don't want to hold up our ---
2              THE COURT:  Okay.  Well, then let's hear
3  your argument, this all writs motion, and then we're going
4  to hear Mr. Gay's response, and then we'll attempt to deal
5  with it.
6              MR. ROHE:  This is our -- debtor's motion to
7  transfer venue to U.S. District Court regarding
8  Wells Fargo's motion to dismiss, and regarding our notice
9  of filing extraordinary writ with the U.S. District Court.
10             The initiation of this adversary proceeding
11 occurred on June -- July 14th.  The matter has not been
12 adjudicated, but is presently set for a ten-minute hearing
13 today.  Plaintiff/debtor filed a petition for all writs in
14 the U.S. District Court, and I give the case number.
15             The subject matter of the writ concerns the
16 3rd DCA's issuance of a PCA decision in violation of
17 28 U.S.C. 1452.  Wells Fargo's motion to be heard concerns
18 the issue of removal, remand, and abstention, which are
19 issues that have been included in our petition for writ.
20             A petition for writ is a non-core
21 proceeding, which is best suited to be heard in
22 U.S. District Court, in terms of being able to fashion a
23 better remedy, and because it involved non-bankruptcy
24 issues.
25             In light of the 3rd DCA's recent action and

1  the issuance of a PCA decision in spite of the removal to
2  this Court and the filing of the petition for writ, the
3  plaintiff/debtor objects to having this matter adjudicated
4  in this Court.
5           Your Honor, they also threw out the
6  appellate proceedings, never observed the automatic stay,
7  and we were forced to be -- to litigate in the appellate
8  court and at the same time here, and it got rather
9  confusing and hectic, to say the least, so there's --
10 there's that, as well as what has occurred with the
11 3rd DCA's preemptive strike.
12          Thank you.
13          THE COURT:  Thank you.
14          Mr. Gay, do you wish to respond?
15          MR. GAY:  Just briefly, Your Honor.  Again,
16 for the record, David Gay, G-a-y, on behalf of
17 Wells Fargo.
18          Your Honor, I know this is procedurally a
19 little bit unusual, but I'll just point out that what they
20 actually filed was a motion to transfer venue with respect
21 to the adversary proceeding, and Your Honor just dismissed
22 it with prejudice.  So I think at this point, this -- this
23 thing they filed here is moot.
24          The all writs motion they filed in the
25 Southern District, we'll deal with, I guess, in front of

1  the Southern District, but pursuant to --
2              MR. ROHE:  I'd agree with that.
3              MR. GAY:  -- Your Honor's order on the
4  adversary proceeding, that's what they say in this motion,
5  anyway, motion to transfer venue to the District Court, is
6  with respect to the adversary you just dismissed with
7  prejudice.
8              THE COURT:  Very well.  Anything further,
9  Mr. Rohe?
10             MR. ROHE:  Yes, Your Honor.  If I understood
11 Mr. Gay, he said the matter is moot, and I would agree
12 with him.  We did it to try to bring it to the Court's
13 attention as a courtesy.
14             I wasn't trying to bypass this Court without
15 letting you know what we've done.
16             THE COURT:  Thank you.
17             MR. ROHE:  Thank you.
18             THE COURT:  Since the adversary has been
19 dismissed with prejudice, the Court will deny the all
20 writs motion as moot, and Mr. Gay may draw that order.
21             Thank you both, and I think ---
22             MS. NEIDICH:  Your Honor --
23             THE COURT:  Yes.
24             MS. NEIDICH:  -- before we move to the next
25 one, there is a confirmation hearing set on this case, and

1  since the parties all appear to be here, I'd like to
2  address that if it's possible.
3              THE COURT:  Certainly.
4              MR. ROHE:  Mr. Poe is not -- I'm sorry.
5  Mr. Poe is not here yet, Your Honor.  He was going to
6  handle that on behalf of the debtor --
7              MS. NEIDICH:  Okay.
8              MR. ROHE:  -- if that's all right?
9              MS. NEIDICH:  That's fine.
10             THE COURT:  Well, then when he shows up
11 we'll deal with it.
12             Thank you.
13             MS. NEIDICH:  Okay.  Thank you.
14             MR. ROHE:  Thank you.
15             MR. GAY:  Thank you, Your Honor.
16             (Thereupon, the above-proceedings were
17 adjourned.)
18
19
20
21
22
23
24
25

```
 1
 2
 3                    CERTIFICATION
 4
 5   STATE OF FLORIDA       :
 6   COUNTY OF MIAMI-DADE   :
 7
 8            I, Margaret Franzen, Court Reporter and
 9   Notary Public in and for the State of Florida at Large, do
10   hereby certify that the foregoing proceedings were
11   transcribed by me from a digital recording held on the
12   date and from the place as stated in the caption hereto on
13   Page 1 to the best of my ability.
14            WITNESS my hand this 4th day of September
15   2019.
16
17
18            _____
19                    MARGARET FRANZEN
20            Court Reporter and Notary Public
              in and for the State of Florida at Large
21                  Commission #GG187411
                      April 14, 2022
22
23
24
25
```